IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THEOTIS RANDLE                                                       PETITIONER

v.                                                          No. 1:20CV69-SA-RP

JOSHUA DAVIS                                                      RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Theotis Randle for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Randle has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed *with prejudice* as untimely filed.

*Facts and Procedural Posture*

On April 8, 2015, Theotis Randle[1] was convicted of sexual battery in the Circuit Court of Clay County, Mississippi, in Cause No. 2010-9445-C. Exhibit A[2] (Jury Verdict); *see also* SCR, Vol. 1 at 69, 72, 85; Vol. 5 at 512. On April 9, 2015, the circuit court sentenced Mr. Randle to serve twenty-five years in the custody of the Mississippi Department of Corrections ("MDOC"), with five years suspended on post-release supervision. Exhibit B (Sentencing Order); *see also* SCR, Vol. 1 at 85; Vol. 5 at 540.

Mr. Randle, through counsel, appealed his conviction and sentence, arguing that: (1) the verdict was against the overwhelming weight of the evidence; (2) the trial court erred in allowing Chief Deputy Ramirez Williams to remain in the courtroom in violation of Miss. R. Evid. 615; (3) the trial court erred

---

[1] The state court record reflects that the petitioner is also known as "Theodis Randle." *See generally* State Court Record ("SCR"), Cause No. 2015-KA-981-COA.
[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

in limiting the testimony of Roy Hamilton that the State is entitled to a fair trial; and (4) counsel provided ineffective assistance at trial. *See* SCR, Brief of Appellant. On February 21, 2017, the Mississippi Court of Appeals affirmed Mr. Randle's conviction and sentence. *See Randle v. State*, 220 So. 3d 217 (Miss. Ct. App. 2017), reh'g denied, June 6, 2017. He did not file a petition for writ of certiorari to the Mississippi Supreme Court. *See* SCR, Case Folder.

On April 9, 2018, Mr. Randle, through counsel, filed a motion for post-conviction relief (the "PCR motion") in that court seeking to challenge his conviction and sentence for sexual battery, raising the same arguments he made during his direct appeal. SCR, Cause No. 2018-M-00519. On July 18, 2018, the Mississippi Supreme Court denied Mr. Randle's PCR motion. Exhibit D. He signed the instant petition on April 9, 2020.

*One-Year Limitations Period*

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

### *Initial Habeas Corpus Deadline*

Mr. Randle's conviction became final on June 20, 2017, when the 14-day deadline to appeal his June 6, 2017, conviction expired. (June 6, 2017 + 14 days = June 20, 2017). *See* Miss. R. App. P. 17(b) ("A petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court . . . within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing."); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'") (citing 28 U.S.C. § 2244(d)(1)(A)); *Dolan v. Dretke*, 168 F. App'x 10 (5th Cir. 2006). Thus, under the AEDPA's one-year statute of limitations, Mr. Randle's federal petition for a writ of *habeas corpus* was due in this court on or before June 20, 2018 (absent statutory or equitable tolling.)

### *Statutory Tolling*

Mr. Randle filed a state application for post-conviction collateral relief before the initial one-year deadline expired; as such, he is entitled to one hundred and one (101) days (April 9, 2018 through July 18, 2018) of statutory tolling during the pendency of his PCR motion. *See* 28 U.S.C. § 2244(d). Hence, the new deadline for Mr. Randle to file a federal petition for a writ of *habeas corpus* became Monday, October 1, 2018. (June 20, 2018 + 101 days of statutory tolling = Saturday, September 29, 2018; the next business day was Monday, October 1, 2018).

*No Equitable Tolling*

Mr. Randle is not entitled to equitable tolling of the *habeas corpus* limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d

924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Mr. Randle has not argued that he is entitled to equitable tolling, and he has offered an explanation regarding why he waited so long to seek federal *habeas corpus* relief. As such, he is not entitled to equitable tolling.

*Timeliness Calculation*

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on April 9, 2020, and the date it was received and stamped as "filed" in the district court on April 13, 2020. Thus, the instant petition was filed approximately 18 months after the October 1, 2018, filing deadline. As discussed above, the petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed *with prejudice* and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 4th day of August, 2021.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE